IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW KORSMO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMERICAN HONDA MOTOR CO., )<br>INC. d/b/a HONDA and MCGRATH )<br>ENTERPRISES, INC. d/b/a MCGRATH )<br>HONDA OF ELGIN, )<br>Defendants. ) | Case No. 1:11-cv-01176<br><br>Honorable Samuel Der-Yeghiayan<br><br>Magistrate Judge Susan Cox |

### JOINT MOTION TO EXTEND THE SCHEDULING ORDER

Plaintiff Andrew Korsmo ("Plaintiff") along with Defendants American Honda Motor Co., Inc. and McGrath Enterprises, Inc. (collectively, "Defendants" and together with Plaintiff, the "Parties"), by and through their respective counsel, hereby jointly request that the Court amend its May 5, 2011 Order by extending the current deadlines set therein by thirty (30) days. In support of their motion, the Parties state as follows:

1. On or about February 18, 2011, Plaintiff filed his Class Action Complaint in the above-captioned matter. See Compl. (Dkt. #1). In accordance with the schedule set by this Court, Defendants filed their respective answers on April 25, 2011. See March 24, 2011 Docket Entry (Dkt. #23) (setting the answer date for Defendants); McGrath Ans. and Aff. Defs. (Dkt. #28); Am. Honda's Ans. and Aff. Defs. (Dkt. #31).

2. The Court held an initial status conference in this matter on May 5, 2011 and set a schedule for class discovery and briefing on the issue of certification. See May 5, 2011 Minute Order (Dkt. #35). Pursuant to that order, discovery as it relates to class certification shall be completed by November 4, 2011; Plaintiff's motion for class certification is due by December 2, 2011, and Defendants' responses Plaintiff's class motion are to be filed by January 6, 2012, with Plaintiff's reply due on January 20, 2012. See id.

3.  This Court is, of course, vested with "substantial discretion [to] manage [its] docket[]." See Reales v. Consolidated Rail Corp., 84 F.3d 993, 996 (7th Cir. 1996) (noting that District Courts are empowered by the Federal Rules to permit extensions of time). In exercising this discretion, district courts routinely grant extensions of time to allow parties to, among other things, complete discovery. See, e.g., Haynes v. Dart, 2010 WL 140387, at *2 (N.D. Ill. 2010) (granting multiple discovery extensions); see also Fed. R. Civ. P. 6(b) (noting that "the court may, for good cause, extend the time" allotted for a party to act under the Federal Rules).

4.  In this case, good cause exists for a limited extension of time in order to allow the Parties to complete discovery relating to class certification. The Parties have thus far worked cooperatively to prosecute this action but require a limited extension of time to complete class discovery. The Parties have exchanged initial disclosures, and Plaintiff has served his First Set of Interrogatories and his First Set of Document Requests on Defendants. Defendants are in the process of responding to Plaintiff's discovery requests and will be propounding requests upon Plaintiff in the near-term. The Parties have not requested any previous extensions of the Scheduling Order.

5.  While the Parties intend to continue to work cooperatively during discovery and to schedule any necessary depositions, they anticipate that completing all necessary discovery prior to November 2, 2011 will be difficult in light of the schedules of the Parties, deponents and witnesses.

WHEREFORE, for the foregoing reasons, the Parties respectfully request that the Court amend its May 5, 2011 Order by extending the current deadlines set therein by thirty (30) days. Specifically, the Parties request that the deadline for discovery as it relates to class certification be extended to December 5, 2011; Plaintiff's motion for class certification be due by January 6,

2012; Defendants' responses to Plaintiff's class motion due on February 6, 2012, with Plaintiff's reply due on February 20, 2012. The Parties further request any other such relief that the Court deems appropriate.

Dated: August 15, 2011                                       Respectfully submitted,

COUNSEL FOR PLAINTIFF

By: /s/ Allison A. Krumhorn

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington Street, Suite 700
Chicago, Illinois 60602
Telephone:    (312)-782-5808

Peter S. Lubin
Vincent L. DiTomasso
Patrick D. Austermuehle
DiTomasso Lubin
17 W. 220 22nd Street, Suite 200
Oakbrook Terrace, Illinois 60181
Telephone:    (630)-333-0000

COUNSEL FOR DEFENDANT
AMERICAN HONDA MOTOR CO., INC.

By: /s/ Kathleen P. Lally

Kevin A. Russell
Mark S. Mester
Kathleen P. Lally
**LATHAM & WATKINS LLP**
233 South Wacker Drive, Suite 5800
Chicago, IL  60606
Telephone:    (312) 876-7700
Facsimile:    (312) 993-9767
kevin.russell@lw.com
mark.mester@lw.com
kathleen.lally@lw.com


COUNSEL FOR DEFENDANT
MCGRATH ENTERPRISES, INC.
By: /s/ Jason E. Hunter

Jason E. Hunter
LITCHFIELD CAVO LLP
303 W. Madison Street, Suite 300
Chicago, Illinois 60606
Telephone:    (312)-781-6587
Facsimile:    (312)-781-6630
hunter@litchfieldcavo.com