## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **ANDREW KORSMO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 11 C 1176** |
| | ) | |
| **AMERICAN HONDA MOTOR** | ) | |
| **CO., INC. d/b/a HONDA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Andrew Korsmo's (Plaintiff)
motion for class certification. For the reasons stated below, the motion for class
certification is denied.

## BACKGROUND

Plaintiff alleges that in May of 2009, he purchased a Honda Certified Pre-
Owned 2006 Honda Odyssey minivan (Vehicle) from Defendant McGrath Honda of
Elgin (McGrath). Prior to purchasing the Vehicle, Plaintiff allegedly viewed
multiple advertisements made by Defendant American Honda Motor Co., Inc.
(Honda), which indicated that any car sold as part of the Honda Certified Used Car

1

program (Program) would be a "well-maintained, late model" Honda "that met Honda's 'stringent standards' and passed Honda's 'comprehensive 150-point inspection.'" (Compl. Par. 20). Further, Honda's advertisements allegedly indicated that "Honda-trained dealer service technicians would check '[v]irtually every part of the vehicle,' including 'body condition/paint.'" (Compl. Par. 21). In addition, a dealer at McGrath allegedly represented to Plaintiff that there would be no problems with the Vehicle based on its status as a Honda certified car.

After deciding to purchase the Vehicle, Plaintiff allegedly sent his father-in-law, Donald Allen Luedke (Luedke), to sign the paperwork and pick up the Vehicle. After he signed the paperwork, Luedke allegedly did not receive a copy of the 150-point inspection checklist, the Vehicle history report, or the title to the Vehicle. Before leaving McGrath, Luedke allegedly noticed problems with the interior of the Vehicle, and McGrath allegedly added a mat to the Vehicle to cover the problems. Luedke allegedly then drove the Vehicle home, where it allegedly sat for several weeks until Luedke received the title and registration to the Vehicle.

Plaintiff's wife allegedly took possession of the Vehicle sometime after that. While driving the Vehicle, Plaintiff's wife allegedly noticed a problem with the right front bumper, an odd noise while driving, and several other significant issues with the body of the Vehicle. Allegedly at the direction of McGrath, Plaintiff's wife took the Vehicle to another dealer for inspection, and the person who performed the inspection allegedly informed her that the Honda Certified Used Car Limited Warranty (Warranty) would not cover the damage. Plaintiff alleges that the damage

on the Vehicle would have been obvious to any service technician during the 150-point inspection, and that the damage would have precluded the Vehicle from being certified. Plaintiff alleges that he called Honda to discuss the issue and that Honda would not assist him. Plaintiff also alleges that he then called McGrath to discuss the issue. An employee of McGrath allegedly indicated that he knew about the body damage and that, consistent with McGrath's usual practices, he had his mechanic touch up the body of the Vehicle. According to Plaintiff, even though the Vehicle was not properly inspected and could not have qualified as a Honda Certified Used Car under the terms of the Program, Honda refused to honor the Warranty.

Plaintiff alleges that Honda's advertisements led Plaintiff and members of the proposed class to believe that when they purchased a Honda Certified Used Car, they were "buying a like-new, manufacturer-quality vehicle with a comprehensive warranty backed by Honda, which increase[d] the value of the car." (Compl. Par. 15). Plaintiff also alleges that Honda's promotion of the Program misled consumers into believing that Honda performs, sponsors, supervises, monitors, audits, and enforces the Program. Plaintiff alleges that Honda "fails to adequately perform, supervise, monitor, and audit" the Program, and fails to stand behind the Warranty, instead leaving it to the dealers to perform inspections and certifications. (Compl. Par. 17). Plaintiff alleges that the misrepresentations made by Honda caused him and all other consumers who purchased Honda Certified Used Cars to pay more at the time of sale because they believed that Honda inspected or monitored the vehicles, that Honda oversaw the Program, and/or that Honda would stand behind the

3

Warranty. Plaintiff includes in his complaint an Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), 815 ILCS §505/1 *et seq.*, claim brought individually and on behalf of all persons who purchased a Honda Certified Used Car (Count I), an ICFA claim brought individually (Count II), a common law fraud claim brought individually (Count III), a Magnuson-Moss Warranty Act (MMWA), 15 U.S.C. § 2301 *et seq.,* claim brought individually and on behalf of all persons who purchased a Honda Certified Used Car (Count IV), and an unjust enrichment claim brought individually and on behalf of all persons who purchased a Honda Certified Used Car (Count V). Plaintiff now moves for class certification of the claims brought in Counts I, IV, and V. Defendants oppose the motion.

## LEGAL STANDARD

A plaintiff can move for class certification pursuant to Federal Rule of Civil Procedure 23(a) (Rule 23(a)), which provides the following:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). The Seventh Circuit has indicated that "[c]ertification as a class action can coerce a defendant into settling on highly disadvantageous terms

regardless of the merits of the suit," and thus a class can be certified by a court only if the court is convinced "*after a rigorous analysis,* that the prerequisites of Rule 23(a) have been satisfied." *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 724 (7th Cir. 2011)(emphasis in original)(internal quotations omitted). The certification of a class in a case is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011)(quoting *Califano v. Yamasaki,* 442 U.S. 682, 700-01 (1979)).

A court may certify a class if the "numerosity, commonality, typicality, and adequate representation" requirements of Rule 23(a) are met and one of the requirements of Rule 23(b) are met. Fed. R. Civ. P. 23(b); *Dukes*, 131 S.Ct. at 2550; *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006)(stating that a "district court may certify a class of plaintiffs if the putative class satisfies all four requirements of Federal Rule of Civil Procedure 23(a)-numerosity, commonality, typicality, and adequacy of representation-and any one of the conditions of Rule 23(b)"); *Payton v. County of Kane*, 308 F.3d 673, 677 (7th Cir. 2002)(stating that "a determination of the propriety of class certification should not turn on likelihood of success on the merits"); *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998)(stating that "[t]he Federal Rules of Civil Procedure provide the federal district courts with broad discretion to determine whether certification of a class-action lawsuit is appropriate").

5

## DISCUSSION

At the outset, the court notes that Defendants have filed a motion to exclude certain exhibits filed by Plaintiff in support of his motion for class certification. The documents Defendants seek to exclude are not necessary to the resolution of the instant motion and are not dispositive to the court's ruling. Therefore, the motion to exclude is denied as moot.

Pursuant to Federal Rule of Civil Procedure 23(b)(3) (Rule 23(b)(3)), Plaintiff moves to certify a proposed class consisting of "[a]ll persons residing in Arizona, California, Connecticut, Florida, Illinois, Maryland, Massachusetts, Michigan, Minnesota, Missouri, New Jersey, New York, and North Carolina who purchased a Honda Certified Used Car" (Thirteen-State Class). (Memo 8). Alternatively, pursuant to Rule 23(b)(3), Plaintiff moves to certify a proposed class "consisting of a class of all persons in Illinois who purchased a Honda Certified Used Car" (Illinois Class). (Memo 9). In addition, pursuant to Federal Rule of Civil Procedure 23(b)(2) (Rule 23(b)(2)), Plaintiff moves to certify "an injunctive class" (Injunctive Class) seeking disclosure by Honda regarding "the responsible party for the condition certifications for Honda Certified Used Cars in its advertisements." (Memo 9). Defendants have not contested that the numerosity and commonality requirements have been met. Defendants argue that Plaintiff's proposed classes are not sufficiently definite to warrant class certification and that Plaintiff has failed to

6

satisfy the typicality and adequacy requirements of Rule 23(a). Defendants also argue that certification of Plaintiff's proposed Injunctive Class is inappropriate, and that Plaintiff has not satisfied the requirements of Rule 23(b)(3) with respect to the Thirteen-State Class or the Illinois Class.

I. Certification of the Thirteen-State Class or the Illinois Class

Defendants argue that neither the Thirteen-State Class nor the Illinois Class is suitable for certification because (1) the proposed classes are not sufficiently definite, (2) Plaintiff does not satisfy the typicality and adequacy requirements of Rule 23(a), and (3) the requirements of Rule 23(b)(3) are not met.

A. Scope of Proposed Classes

Defendants argue that Plaintiff's class definitions are overly broad and not sufficiently ascertainable. (Resp. 11). Before a class may be certified under Federal Rule of Civil Procedure 23 (Rule 23), a plaintiff must not only show that the putative class "satisfies all four requirements of Federal Rule of Civil Procedure 23(a)—numerosity, commonality, typicality, and adequacy of representation—and any one of the conditions of Rule 23(b)[,] . . . [a] plaintiff must also show . . . that the class is indeed identifiable as a class." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Defendants contend that the proposed classes are not identifiable because they include "countless individuals who were not deceived by [Honda] and

suffered no injury. . . ."  (Resp. 11-12).

Plaintiff argues that Defendants' argument is really an Article III standing

challenge, which should only be addressed after the class is properly certified.

However, Plaintiff's argument is based on non-precedential and distinguishable case

law, and it ignores Seventh Circuit precedent that cautions against class certification

in situations that are factually similar to the instant action.  For example, in

*Thorogood v. Sears, Roebuck and Co.*, 547 F.3d 742 (7th Cir. 2008), the Seventh

Circuit ordered the decertification of a class consisting of all purchasers of certain

clothes dryers, because each proposed class members' claims would require an

individual assessment of each consumer's understanding of the defendant's

advertisements, the reasons for each consumer's purchase, and the amount of

damages each consumer sustained.  *Id.* at  747-48.  The court in *Thorogood*

acknowledged that the damages issue was "not the deal breaker," but indicated that

the class could not be certified because there was an "absence of any reason to

believe that there [was] a single understanding of the significance of [the] labeling or

advertising" at issue.  *Id.* at 748.  Similarly, in *Oshana*, the Seventh Circuit indicated

that class certification of ICFA claims or unjust enrichment claims is not appropriate

where the proposed class "could include millions who were not deceived."  472 F.3d

at 513, 515; *see also Kohen v. Pacific Inv. Management Co. LLC*, 571 F.3d 672, 677

(7th Cir. 2009)(stating that "a class should not be certified if it is apparent that it

contains a great many persons who have suffered no injury at the hands of the

defendant")(citations omitted).

Plaintiff argues that the proposed classes are sufficiently definite and ascertainable because they can be defined by Honda's own conduct. However, Plaintiff fails to identify precedential case law in support of this argument. In addition, the Seventh Circuit has recently rejected attempts to define a putative class based on the defendants' conduct. *See., e.g., Jamie S. v. Milwaukee Public Schools*, 668 F.3d 481, 496-97 (7th Cir. 2012)(rejecting the approach of certifying a class when its "contours are defined by the defendants' own conduct")(citation omitted)(internal quotations omitted).

Plaintiff also argues that "because this is an omission case reliance is therefore presumed." (Memo 14). However, Plaintiff emphasizes throughout his filings that, with respect to the class claims, it's Honda's affirmative use of the phrase "Honda Certified Used Cars" that is the central issue in this case. (*See, e.g.,* Reply 7)(stating that "[t]he only phrase at issue here is the 'Honda Certified Used Car' label"). In fact, the only omission that Plaintiff ever identifies is Honda's alleged failure to disclose that "virtually every item covered by the condition certification is excluded by Honda's extended service warranty." (Reply 2). However, Plaintiff has not pointed to any evidence to suggest that buyers of Honda Certified Used Cars mistakenly believed that the Warranty included a certification as to the vehicle's condition at the time of purchase. The Warranty does not make any reference to the certification, and Plaintiff himself admitted that he was aware of that fact. (P Dep.

119). Thus, this is not solely an "omission case," as Plaintiff represents.

In addition, Plaintiff relies heavily on *Saltzman v. Pella Corp.*, 257 F.R.D. 471 (N.D. Ill. 2009), to support his proposition that reliance should be presumed in this case. However, *Saltzman* related to "fraudulent concealment of an inherent product defect," not the making of an affirmative statement that was allegedly false or misleading. *Id.* at 473. In addition, the court in *Saltzman* recognized that "[r]eliance may be presumed where there is a failure to disclose, yet, where a claim involves both omissions and misrepresentations, this presumption is not available." *Id.* at 480. Further, the Rule 23(b)(3) class certification upheld in *Pella Corp. v. Saltzman*, 606 F.3d 391 (7th Cir. 2010), was extremely limited in scope. *Id.* at 394 (indicating that class treatment was appropriate solely as to the liability issues, and stating that "[t]he narrow way in which the district court defined the classes . . . eliminate[d] concern that the definitions [were] overbroad or include[d] a great many people who ha[d] suffered no injury"). Finally, in *Pella*, the court noted that hundreds of consumers had come forward indicating that they had all experienced the same problem. *Id.* Thus, *Pella* is distinguishable from this case, and does not support Plaintiff's arguments.

In asserting his class claims, Plaintiff argues that Honda's use of the phrase "Honda Certified Used Cars" fraudulently conveyed to every purchaser that Honda, the manufacturer, certified the car they purchased and warranted that certification through the Warranty. Plaintiff contends that all proposed class members were

10

damaged at the time they purchased their Honda Certified Used Cars because they paid more for their cars based on such an understanding. However, in Honda's advertising materials, Honda discloses to consumers that the 150-point inspection is performed by the dealer and that it is the dealer who is responsible for the certification of any vehicle. (Memo Cert. Ex. A, 3)(stating that "your Honda dealership considers only well-maintained, late-model Honda vehicles for certification," and explaining that the certification process includes a preliminary screening of the vehicle and its history, a comprehensive 150-point inspection, any necessary reconditioning and scheduled maintenance, all of which are performed by the dealer). Further, Plaintiff himself stated that he understood that it was the dealer who certified the cars involved in the Program, and that he understood the certification process to include only the 150-point inspection by the dealer, reconditioning by the dealer of any component that didn't meet Honda's standards, and performance of any scheduled maintenance by the dealer. (P. Dep. 30, 63-65). Under the facts of this case, individual inquiries would be necessary to determine each buyer's motivations for buying a Honda Certified Used Vehicle and which buyers, if any, were deceived by the use of the phrase "Honda Certified Used Car." It is highly likely that many proposed class members paid more for their cars, not because they believed they were getting a "manufacturer certified" vehicle, but instead based on the actual benefits of the Program as advertised, including dealer screening, inspection, reconditioning, maintenance, and certification, and the protections of the Warranty as written. Since Plaintiff's Rule 23(b)(3) proposed

11

classes include consumers who were not deceived and suffered no harm, the proposed classes are not sufficiently definite to warrant class certification of the ICFA claim or the unjust enrichment claim. Further, since Plaintiff has failed to develop or present any facts relating to whether Honda breached an express or implied warranty on a class-wide basis, the proposed classes are also not sufficiently definite to warrant class certification of the MMWA claim. Based on the above, Plaintiff's motion for class certification of the Thirteen-State Class or the Illinois Class is denied on this basis alone. However, the court will also address below the other arguments presented by the parties as to the other requirements relating to class certification.

### B. Typicality Requirement

Defendants argue that Plaintiff has failed to satisfy the typicality requirement in Rule 23(a). As indicated above, to satisfy the typicality requirement a plaintiff must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class. . . ." Fed. R. Civ. P. 23(a). A claim is deemed to be a typical claim under Rule 23(a) "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . her claims are based on the same legal theory" and "[e]ven though some factual variations may not defeat typicality, the requirement is meant to ensure that the named representative's claims have the same essential characteristics as the claims of the class at large."

*Oshana*, 472 F.3d at 514 (internal quotations omitted)(quoting *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992) and *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 597 (7th Cir. 1993)).

Plaintiff contends that he meets the typicality requirement of Rule 23(a) because, like all other proposed class members, he purchased a "Honda Certified Used Car." As discussed above, Plaintiff's class theory is that all buyers of Honda Certified Used Cars paid a premium based on the mistaken belief that Honda, the manufacturer, was ultimately responsible for the certification of the vehicle they purchased. However, some of Plaintiff's own deposition testimony calls this theory into question with respect to Plaintiff. Further, Seventh Circuit precedent indicates that the beliefs of proposed class members is not presumed in cases such as this. *See, e.g., Oshana*, 472 F.3d at 513, 515; *Thorogood*, 547 F.3d at 747-48. As the court concluded above, Plaintiff's proposed classes broadly encompass both buyers who were allegedly deceived by the phrase "Honda Certified Used Car," and buyers who were not deceived by that phrase. In other words, Plaintiff's proposed classes include buyers who have claims and buyers who do not have claims. Therefore, Plaintiff has failed to satisfy the typicality requirement as to any of the proposed classes. *See, e.g., Oshana*, 472 F.3d at 513, 515.

C. Adequate Representation Requirement

Defendants argue that Plaintiff has failed to satisfy the adequate representation

requirement in Rule 23(a). As discussed above, to satisfy the adequate representation requirement, a plaintiff must show that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also CE Design Ltd.*, 637 F.3d at 724 (stating that "[i]n many cases . . . the requirement of typicality merges with the further requirement that the class representative will fairly and adequately protect the interests of the class")(internal quotations omitted). Defendants argue that Plaintiff is subject to certain unique defenses that make him inadequate to represent the proposed classes. For example, Defendants argue that Plaintiff lacks standing to assert the class claims. Defendants have pointed to certain evidence from Plaintiff's deposition indicating that perhaps Plaintiff himself was not deceived by the phrase "Honda Certified Used Car" at the time he purchased the Vehicle. Defendants have also pointed out that Plaintiff is not even a member of the proposed Thirteen-State Class, since that class is defined as any *resident* of the states identified, and Plaintiff has never been a resident of any of those states. In addition, Defendants have pointed out that the unique circumstances surrounding Plaintiff's purchase of the Vehicle may support certain defenses as to Plaintiff's claims only. Based on the above, Plaintiff has failed to satisfy the adequate representation requirement as to any of the proposed classes.

D.  Rule 23(b)(3) Requirements

Defendants argue that Plaintiff has failed to satisfy the requirements of Rule

14

23(b)(3).  Rule 23(b)(3) provides the following:

> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if: . . .
>
> (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  Defendants have shown that the substantive laws of the states included in the Thirteen-State Class are sufficiently different to warrant denial of class certification.  In an attempt to cure this problem, Plaintiff proposes various new classes that include sub-classes divided based on state of residency.  However, the new classes proposed by Plaintiff cannot be certified, since Plaintiff cannot serve as a representative for each of the proposed subclasses.  *See* Fed. R. Civ. P. 23(c)(5)(indicating that subclasses are each treated as a class under Rule 23). Plaintiff also argues that California substantive law can be applied to all of the class claims asserted.  However, application of California law to all of the claims would be contrary to Illinois choice of law principles.  *See Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 865-66 (7th Cir. 2010)(discussing "most significant

15

relationship test" applied in Illinois); *Fredrick v. Simmons Airlines, Inc.*, 144 F.3d 500, 504 (7th Cir. 1998)(indicating that under the most significant relationship test, "the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties," and discussing factors used to assess whether Illinois has the more significant relationship)(citations omitted)(internal quotations omitted). Thus, Defendants have shown that, with respect to the Thirteen-State Class, individualized issues of law predominate in regard to the claims of the proposed class members.

In addition, with respect to both the Thirteen-State Class and the Illinois Class, individual questions of fact predominate, since, as discussed above, each class members' understanding of the Program is essential to establishing their claim. Plaintiff's reliance on *Pella* to argue otherwise is, once again, misplaced. *See* 606 F3d. at 394 (approving of a district court's certification of a class "for liability alone where damages or causation may require individualized assessments"). Here, there is no dispute regarding whether the phrase "Honda Certified Used Car" is used or whether Defendants knew it was being used. The only issue is whether the phrase deceived purchasers and thereby caused them injury. In the instant action, Plaintiff has not shown that questions of law or fact common to class members predominate in this case or that a class action is the superior method for adjudicating the controversy. Plaintiff has thus failed to satisfy the requirements of Rule 23(b)(3). Based upon the above, Plaintiff's motion to certify the Thirteen-State Class or the

Illinois Class is denied.

## II.  Certification of the Injunctive Class Under Rule 23(b)(2)

In addition to suffering from the same Rule 23(a) deficiencies discussed above, Plaintiff's proposed Injunctive Class suffers from the additional problem that Plaintiff did not indicate that he was seeking injunctive relief anywhere in his complaint.  In addition, Rule 23(b)(2) "is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature . . . is appropriate[;] . . . [it] does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages." *Advisory Committee Notes* on Fed. R. Civ. P. Rule 23(b)(2).  In this case, the appropriate final relief relates predominantly to money damages.  Therefore, certification of a class under Rule 23(b)(2) is inappropriate.  Based on the above, Plaintiff's motion to certify the Injunctive Class is denied.

17

## CONCLUSION

Based on the foregoing analysis, Plaintiff's motion for class certification is denied. In addition, Defendants' motion to exclude exhibits and Plaintiff's motion to present oral arguments are denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   May 10, 2012